**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| **Will Drew, on behalf of himself and others similarly situated**<br><br>          **Plaintiff,**<br><br>**v.**<br><br>**Perdue Farms, Inc. and Perdue Foods, LLC**<br><br>          **Defendants.** | **CIVIL ACTION NO.**  2:18cv147 |

## COMPLAINT

Plaintiff Will Drew respectfully moves for judgment against Defendants Perdue Farms, Inc. and Perdue Foods, LLC, on behalf of himself and all others similarly situated:

### Introduction

1.  This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act" or "FLSA").  Plaintiff seeks unpaid overtime, liquidated damages, and attorneys' fees and costs arising out of the Defendants' FLSA violations on behalf of himself and others similarly situated.

### Jurisdiction and Venue

2.  This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiff may bring this action in any appropriate United States District Court.

3.  Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(3) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern

1

District of Virginia.

4.      Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

Parties

5.      Drew is a resident of Virginia who is employed by Defendants as Desk Clerk.
Plaintiff is an "employee" as defined in the FLSA.

6.      Perdue Farms, Inc. is a Maryland corporation, which purports to have its principal
office in Maryland.

7.      Perdue Foods, LLC is a Maryland limited liability company, which purports to
have its principal office in Maryland.

8.      On information and belief, the Defendants are related entities in the business of
producing and processing poultry products. According to filings with the Virginia State
Corporation Commission, Defendants list their principal office as being located at 31149 Old
Ocean City Road, Salisbury, MD 21804 and share the same registered agent.  Plaintiff is
currently unable to determine the precise corporate structure and relationship between
Defendants.    Defendants are an "employer" as defined by the FLSA.

Factual Allegations

9.      Drew works as a Desk Clerk at Defendants' office located in Accomack, Virginia.

10.      Drew was hired by Defendants in November 2017.  Shortly after being hired,
Drew was moved to the position of Desk Clerk.

11.      Desk Clerks' duties include answering phones, maintaining paperwork related to
shipments, data entry, and periodically checking trailers for cleanliness and temperature of
refrigeration units.

2

12.     Drew frequently, if not always, works his entire shift without taking a meal break.

13.     Desk Clerks typically eat at their desk while continuing to work.

14.     When he first became a Desk Clerk, Drew's manager told him that it was necessary to eat at their desk because if they took breaks, their work would "just pile up."

15.     Upon information and belief, Defendants have a policy and practice of deducting 30 minutes per shift from Desk Clerks' time for a purported meal break, without regard to whether the Desk Clerks actually receive a full uninterrupted 30-minute break.

16.     Drew became aware of this practice when his paycheck was less than he believed it should have been and asked his manager about the discrepancy.

17.     Drew's manager told him she had clocked him out for 30 minutes per shift for a lunch break so that he would not have to "worry about it."

18.     Drew told his manager that he had worked through his meal period every day. His manager confirmed that he would not be paid for that time despite not actually taking a break.

19.     On at least one occasion, Drew worked back to back shifts to fill in for an absent co-worker.  On this occasion, Defendants deducted two 30-minute breaks from his time, despite the fact that he did not take a single bona fide meal break at all.

20.     This "lunch deduction" practice has taken place for the entirety of Drew's employment as a Desk Clerk.

21.     Drew keeps track of his time using Defendants' Kronos timekeeping system.

22.     Drew clocks in at the beginning of his shift and clocks out at the end of his shift. As he does not take a meal break, he does not clock in or out for any purported meal break.

23.    The Kronos time records are typically only accessible by management-level employees.  Drew asked his manager for copies of his time records.  These records confirmed that managers had clocked him in and out for 30 minutes per shift.

24.    Defendants employ six Desk Clerks working on three 8-hour shifts at the Accomack location.

25.    Drew, and similarly situated Desk Clerks, generally work six days per week, but occasionally work seven days per week during busy periods.

26.    Drew is paid on an hourly basis.

27.    Drew has worked at least 40 hours in every week he has been employed as a Desk Clerk.  Therefore, all time that was deducted from him would have been overtime under the FLSA.

28.    Defendants are aware that Drew does not take a meal break and continues working while eating at his desk.  Managers regularly see Drew and other Desk Clerks eating at their desk.

29.    Drew has witnessed other Desk Clerks eating at their desk while continuing to work without taking a 30-minute break.

30.    Drew has had conversations with co-workers who have indicated that working through meal periods is expected and that Defendants' time deductions are the norm.

31.    On several occasions Drew, along with his co-workers and managers, have had food delivered to work and they all ate at their desks while continuing to work.

32.    Desk Clerks are not employed in any bona fide executive, administrative, or professional capacity.

33.     Based on the nature of Plaintiff's job duties, there is no FLSA exemption that applies to preclude him from being paid one and one-half times his regular rate of pay for all hours worked in excess of 40 per week.

34.     Defendants willfully violated the FLSA by changing employees' time records and knowingly failing to pay overtime.

35.     At all relevant times Defendants intended to deprive Plaintiff of the overtime pay he was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

## Representative Action Allegations for FLSA Claims

36.     Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as a Representative Plaintiff.

37.     Upon information and belief, Defendants employ, and have employed, multiple persons who were paid under a similar pay scheme which deprived employees of overtime pay for time they spent working through meal periods.

38.     Upon information and belief, these employees perform, and have performed, work which entitles them to payment of overtime compensation which they have not received.

39.     Defendants' policy of deducting time for meal breaks is evidenced by Drew's conversation with his managers, Drew's conversations with co-workers, and Defendants' own time records.

40.     Upon information and belief, Defendants compensated, and continue to compensate, those similarly situated to Plaintiff on a uniform compensation basis common to Plaintiff and other persons performing similar job functions.

5

41.     On information and belief, Defendants' pay operations are centrally managed as a single enterprise, and all or most of Defendants' employees who are paid similarly to Plaintiff are subject to common time-keeping and payroll practices.

42.     The FLSA "collective" or "class" of similarly situated employees is composed of all present and former employees of Defendants who were paid under a pay scheme similar to Plaintiff, and have been employed within three (3) years of the date of filing of this action.

43.     Defendants' policy of manipulating employees' time records to deduct time amounted to a willful or reckless disregard of its employees' rights under the FLSA.

44.     Defendants had no good faith basis to believe that deducting time from employees' time records was somehow allowable under the FLSA.

45.     Plaintiff asserts that Defendants' willful disregard of the overtime laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

46.     Plaintiff's job duties, and the job duties or those similarly situated to Plaintiff, are not exempt from the coverage of the FLSA.

47.     At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

## **FLSA Relief Requested**

Wherefore, Plaintiff requests the following Relief against Defendants:

A.      money damages for all unpaid overtime compensation;

B.      liquidated damages in an amount equal to all unpaid overtime owed to Plaintiff;

C.      pre-judgment and post-judgment interest;

D.      an order conditionally certifying a group or groups of putative collective

action members and approving a notice to be sent to all such members,

notifying them of this representational lawsuit and their ability to file a

written consent to join in this action without threat or fear of reprisal;

E.      reasonable attorneys' fees and costs expended in the prosecution of this

case;

F.      any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY**.

Respectfully submitted,

**Will Drew, on behalf of himself and all others similarly situated**
Plaintiff


By:_____/s/_____
        Philip Justus Dean (VSB No. 86335)
        Craig Juraj Curwood (VSB No. 43975)
        Attorneys for Plaintiff
        Curwood Law Firm
        530 E. Main Street, Suite 710
        Richmond, VA 23219
        Telephone: (804) 788-0808
        Fax: (804) 767-6777
        pdean@curwoodlaw.com
        ccurwood@curwoodlaw.com

        Joshua L. Jewett (VSB 76884)
        jjewett@ervinjewett.com
        Brittany M. Wrigley (VSB 89696)
        bwrigley@ervinjewett.com
        ERVIN JEWETT, P.C.
        2400 Dominion Tower
        999 Waterside Drive
        Norfolk, VA 23510
        T: (757) 624-9323
        F: (757) 624-8414